UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:24-cv-09699-JLS-JPR                               Date: November 15, 2024
Title: Meltwater News US Inc. v. Tveyes, Inc. et al

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Kelly Davis | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:     ATTORNEYS PRESENT FOR DEFENDANT:

Not Present                                                                    Not Present

**PROCEEDINGS:  (IN CHAMBERS) ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION**

Plaintiff Meltwater News US Inc. ("Meltwater") initiated this action against Defendant TVEyes, Inc. ("TVEyes") and Does 1–20 on November 8, 2024. (Civil Cover Sheet, Doc. 1). Meltwater filed its complaint on November 12, 2024, asserting claims for breach of contract, breach of the implied covenant of good faith and fair dealing, and declaratory relief. (Compl. Doc 6.) That same day, Meltwater filed an Ex Parte Application for Temporary Restraining Order ("TRO") and Order to Show Cause for Preliminary Injunction. (App. Doc. 7.) TVEyes timely opposed. (Opp., Doc. 18.) Having read the Complaint and the Parties' papers, the Court is concerned that it lacks subject matter jurisdiction over this matter.

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Meltwater, as the party invoking jurisdiction, bears the burden of establishing that this case lies within the Court's limited jurisdiction. *Id.* Meltwater invokes the Court's diversity jurisdiction under 18 U.S.C. § 1332. (Compl. ¶ 15.) A federal court has diversity jurisdiction under 28 U.S.C. § 1332 if the parties to the action are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). A corporation is deemed to be a citizen "of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business[.]" *Id.* § 1332(c)(1).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 2:24-cv-09699-JLS-JPR | Date: November 15, 2024 |
| Title: Meltwater News US Inc. v. Tveyes, Inc. et al | |

    Meltwater alleges that it is "a corporation organized under the laws of the State of California" with a principal place of business located in Redwood City, California, while TVEyes is a "corporation organized under the laws of the State of Delaware" with a principal place of business located in Fairfield, Connecticut. (Compl. ¶¶ 11, 12.) However, the Court is not "required to accept as true allegations that contradict exhibits attached to the Complaint or matters properly subject to judicial notice[.]" *Seven Arts Filmed Entertainment Ltd. v. Content Media Corp. PLC*, 733 F.3d 1251, 1254 (9th Cir. 2013) (quoting *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010)). Here, an exhibit attached to Meltwater's Complaint indicates that on January 26, 2023, Meltwater entered into an amendment to a contract with TVEyes stating that Meltwater is "a company incorporated under the laws of Delaware."[1] (Ex. 2 to Compl., Doc. 6-1 at 63.) If Meltwater is in fact a Delaware corporation, complete diversity of citizenship would not exist between the parties.

    The Court's exercise of diversity jurisdiction is strictly construed, *see Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1092 (9th Cir. 1983) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941)), and the Court is "obliged to inquire *sua sponte* whenever a doubt arises as to [its] existence …" *Mt. Healthy City Sch. Dist. Bd. Of Educ. V. Doyle*, 429 U.S. 274, 278 (1977) (citations omitted). Accordingly, Meltwater is ORDERED to show cause, in a response of no more than **three (3) pages**, no later than **November 19, 2024**, why the Court should not dismiss this action for lack of subject matter jurisdiction. TVEyes may file a reply of no more than **three (3) pages** no later than **November 22, 2024**.

    The Court will not rule on Meltwater's TRO Application unless and until the Court assures itself of subject matter jurisdiction over this matter.

    Initials of Preparer: kd

---

[1] The Court also notes that TVEyes, in its opposition to Meltwater's TRO Application, argues that records from the Delaware and California Secretary of State's Office currently reflect that Meltwater is a Delaware corporation. (Opp. at 13–14; Ex. 1 to Eiseman Decl., Doc. 18-2.)